**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **TAWNY GROSSBERG,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**THE TRAVELERS INDEMNITY COMPANY** )<br>**OF AMERICA,** )<br>)<br>    **Defendant.** )<br>) | Case No. 3:11cv223-DWD |

## **MEMORANDUM OPINION**

This matter is before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on the parties' cross motions for summary judgment (ECF Nos. 11, 13). The matter has been thoroughly addressed by the parties' submissions, and the Court has entertained oral argument on the motions. For the reasons that follow, the Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED and the Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED.

### **I. BACKGROUND**

The Court has reviewed each party's statement of undisputed facts, including the extensive supporting documentation filed in support of the respective positions. Withholding discussion of disputed material facts to be treated separately as to each motion, *infra*, as required where the parties have submitted cross-motions for summary judgment, see Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (citations omitted), the Court has concluded that

the following narrative represents the facts for purposes of resolving the cross-motions for summary judgment.[1]

On November 12, 2005, Tawny Grossberg ("Grossberg" or the "Plaintiff") sustained injuries during a car accident in the City of Richmond, Virginia. (Agreed Stipulations of Fact ("Stips.") at ¶¶ 1, 5.) She subsequently filed suit against the other driver and, after a jury trial in state court, obtained a judgment in the amount of $615,000.00 (the "Judgment"), plus interest on the amount of $123,000.00 from November 2005.[2] (Id. at ¶¶ 6-9.) The other driver's insurance company paid the sum of $300,000.00 to Grossberg, which represents the limit of its coverage, leaving the remainder of the Judgment unpaid. (Id. at ¶¶ 11-12.)

Grossberg sought to collect the remaining amount, plus interest, from The Travelers Indemnity Company of America ("Travelers" or the "Defendant") pursuant to a commercial insurance policy (the "Policy") issued to U.S. Vittles, Inc., t/a Buzz and Ned's Real Barbeque ("Buzz and Ned's"), but Travelers denied coverage. (Id. at ¶¶ 4, 7; Compl. at ¶¶ 28-29, ECF No. 1-1; Ans. at ¶¶ 28-29, ECF No. 3.) The Policy provides uninsured/underinsured motorist coverage by an endorsement covering "'You' or any 'family member,'" as well as "[a]nyone else 'occupying' a 'covered auto.'" (Policy at 29, ECF No. 10-1.) The Policy defines "You" as "the person or organization shown as the named insured," which is the corporate entity comprising

---

[1] The Parties submitted Agreed Stipulations of Fact (ECF No. 10), on which this Court principally relies. In addition, the Plaintiff submitted a specifically enumerated Statement of Undisputed Facts, as required by E.D. Va. Loc. R. 56(B), setting forth the undisputed facts in greater detail. However, the Court agrees with the Defendant that paragraphs 35, 38, and 39 of the Plaintiff's statement of undisputed facts ought to be disregarded. Those paragraphs state issues of *law* which govern the ultimate issue of coverage in this case, not issues of *fact*.

[2] Although the Defendant was an active participant during the underlying state court trial, the Plaintiff acknowledges that the participation does not constitute a waiver of the Defendant's right to dispute coverage in this case. Accordingly, the issue has no bearing on the pending motions.

Buzz and Ned's. (Id. at 28.) The Policy further defines "family member" to mean "a person related to 'you' by blood, marriage, or adoption." (Id.)

Grossberg was not driving a "covered auto" at the time of the accident. (Stips. at ¶ 3.) However, her husband is the sole shareholder of Buzz and Ned's, thus rendering her a member of *his* family. (Id. at ¶ 2.) Accordingly, she seeks underinsured motorist coverage for the unpaid amount of the Judgment based upon her status as a "family member" of the insured. (Compl. at ¶¶ 9-14.)[3] To that end, Grossberg argues that the Policy provides her with coverage as a "family member" of the insured or, alternatively, that the inclusion of the phrase "family members" renders the Policy ambiguous such that it should be construed against the insurer as the "scrivener."

To enforce her claim, Grossberg initiated this breach of contract action in the Circuit Court for the City of Richmond, seeking damages in the amount of $380,865.00 and continuing post-judgment interest. (Compl. at 4.) Travelers removed the case to this Court pursuant to 28 U.S.C. § 1441(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00, therefore vesting this Court with jurisdiction pursuant to 28 U.S.C. § 1332(a). Having stipulated to the material facts, the parties have filed cross motions for summary judgment, which are presently before the Court for resolution.

## II. STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

---

[3] Grossberg is also a full-time employee of Buzz and Ned's and was traveling to work at the time of the accident. However, she does not contend that she was acting within the scope of her employment at the time of the accident, and this fact is not material to the issue of coverage in this case. (Pl.'s Br. Sup. Mot. Sum. J. ("Pl.'s Br.") at 4.)

3

that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" Rossignol, 316 F.3d at 523 (quoting Philip Morris, Inc. v. Harshbarger, 122 F.3d 58, 62 n.4 (1st Cir. 1997)). "When considering each individual motion, the court must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion." Id. (quoting Wightman v. Springfield Terminal Ry. Co., 100 F.3d 228, 230 (1st Cir. 1996)). Summary judgment is particularly well-suited for resolution of insurance coverage disputes because the construction of insurance contracts is a legal question. St. Paul Fire & Marine Ins. Co. v. Jacobson, 826 F. Supp. 155, 157 (E.D. Va. 1993), aff'd 48 F.3d 778 (4th Cir. 1995).

### III. DISCUSSION

The sole dispositive issue before the Court is the construction of the Policy term "family member" where, as here, the named insured is a corporate entity. According to Grossberg, such a term necessarily includes the family members of the sole shareholder in a small, family owned corporation such as Buzz and Ned's. Otherwise, Grossberg argues that the inclusion of the phrase "family members" in a policy sold to a corporate entity would be ambiguous, thus requiring the Court to construe the Policy against Travelers and in favor of coverage. Either way, Grossberg argues that coverage exists. Relying principally on a decision by the Supreme Court of Connecticut, Ceci v. Nat'l Indem. Co., 622 A.2d 545 (Conn. 1993), Grossberg sets forth a well-reasoned, persuasive argument in favor of coverage.

However, as a federal court sitting in diversity, it is not the role of this Court to develop a state's common law, no matter how convincing an argument in favor of such developments may

appear. See Compton v. Nationwide Mut. Ins. Co., 480 F. Supp. 1254, 1256 (W.D. Va. 1979) (citing Kline v. Wheels by Kinney, Inc., 464 F.2d 184 (4th Cir. 1972)). Rather, if no state case is directly on point, the court must determine what rule the state supreme court "would probably follow, not fashion a rule which we, as an independent federal court, might consider best." Kline, 464 F.2d at 187 (internal quotation marks omitted) (quoting Lowe's North Wilkesboro Hdwre. v. Fidelity Mut. Life Ins. Co., 319 F.2d 469, 472 (4th Cir. 1963)). To that end, decisions of a state's lower courts ought to be given due consideration in the analysis. Compton, 480 F. Supp. at 1256 (citing Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967)).

**A.    Applicable Rules of Construction**

Because the Court's jurisdiction is based on diversity, the court must apply the choice of law rules of Virginia as the forum state. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1937). In Virginia, "the law of the place where an insurance contract is written and delivered controls issues as to its coverage." Buchanan v. Doe, 431 S.E.2d 289, 291 (Va. 1993). The parties agree that the Policy in this case was completed and delivered in Virginia, so Virginia law governing the interpretation of insurance policies shall apply.

In Virginia, an insurance policy is treated in the same manner as any other contract, and so the words used in the policy are given "their ordinary and usual meaning when they are susceptible of such construction." State Farm Fire and Cas. Co. v. Walton, 423 S.E.2d 188, 191 (Va. 1992) (citation omitted). The Court must "construe the contract as a whole, and no word or clause is to be treated as meaningless if any reasonable meaning consistent with the other parts of the contract can be given to it." Hutter v. Heilman, 475 S.E.2d 267, 270 (Va. 1996) (citations and internal quotation marks omitted). If the terms are unambiguous, the court need not apply any other rules of construction. Virginia Farm Bureau Mut. Ins. Co. v. Hodges, 385 S.E.2d 612,

614 (Va. 1989). However, if the language is ambiguous, "[t]he rule of construction consistently applied in [Virginia] is that ambiguous language in insurance policies must be interpreted most strongly against the scrivener and in favor of the insured." Cuna Mut. Ins. Soc'y v. Norman, 375 S.E.2d 724, 725 (Va. 1989) (citations omitted).

As Travelers has correctly demonstrated, the issue now before the Court is not entirely novel among Virginia's courts, although the Supreme Court of Virginia has yet to directly address the policy language at issue here. (Def.'s Br. Sup. Mot. Sum. J. ("Def.'s Br.") at 9-13.) In Elkins v. Erie Ins. Exchange, a Virginia trial court construed identical language to that at issue in this case and found that there was no ambiguity. 77 Va. Cir. 344, 347 (2008). The court in that case emphasized the need to construe the language "as a whole," holding that "the 'you' in the UM/UIM endorsement is the named insured"; that is, the corporation. Id. Because a corporation cannot have "family members" as defined in the policy, no coverage existed for the family members in that case. Accord Parnell v. Nationwide Mut. Ins. Co., 46 Va. Cir. 232, 233 (1998).

**B. Split of Authorities**

After reaching its holding in Elkins, the Virginia circuit court then proceeded to acknowledged that "the vast majority of other jurisdictions" have reached the same conclusion.[4]

---

[4] Am. Econ Ins. Co. v. Pizzino, No. 02-9134, 2003 U.S. Dist. LEXIS 23695, at *9 (E.D. Pa. Dec. 24, 2003); Am. States Ins. Co. v. C&G Contr., Inc., 924 P.2d 111, 114-15 (Ariz. App. 1996); Hogan v. Mayor & Alderman of Savannah, 320 S.E.2d 555, 557 (Ga. App. 1984); Huebner v. MSI Ins. Co., 506 N.W.2d 438, 441 (Iowa 1993); Sears v. Wilson, 704 P.2d 389, 391 (Kan. App. 1985); Meche v. Thibodeaux, 550 So.2d 346, 349 (La. App. 3d Cir. 1989); Jacobs v. USF&G, 627 N.E.2d 463, 465 (Mass. 1994); Kaysen v. Fed. Ins. Co., 268 N.W.2d 920, 924 (Minn. 1978); Cutter v. Maine Bonding and Cas., 579 A.2d 804, 806 (N.H. 1990); Buckner v. Motor Vehicle Accident Indem. Corp., 486 N.E.2d 810, 812 (N.Y. 1986); Sproles v. Greene, 407 S.E.2d 497, 500 (N.C. 1991); Am. Econ. Ins. Co. v. Bogdahn, 89 P.3d 1051 (Ok. 2004); Concrete Servs., Inc. v. United States Fid. & Guar. Co., 498 S.E.2d 865, 866 (S.C. 1998); Dixon v. Gunter, 636

Id. The minority view is that a latent ambiguity results from the inclusion of "family member" language when the named insured is a corporate entity unable to have "family members" as defined in the policy.[5] See, e.g., Ceci, 622 A.2d 545. At oral argument, both parties acknowledged that the split in authorities cannot be judged according to volume, but should instead be considered in the context of Virginia's well-established rules of contract construction. As Grossberg emphasizes, the split of authority cannot be judged by the outcome alone, as many of the cases on both sides are distinguishable in a variety of ways. Of particular significance, several of the cases from outside of Virginia reached different results because of divergent rules of construction among the states. See, e.g., C & G Contr., Inc., 924 P.2d at 114 (contrasting Arizona and Texas rules of construction). Compare Ceci, 622 A.2d at 547 (applying a "fact oriented" rule of construction) with Va. Elec. & Power Co. v. N. Va. Reg'l Park Auth., 618 S.E.2d 507, 509 (Va. 2003) (citations omitted) ("Whether a writing is ambiguous is a question of law, not [of fact]"). For the present purposes, it is sufficient to say that the outcome in each jurisdiction must be considered only in the context of the particular rules of construction applied. Mindful of these considerations, the Court proceeds to assess the rule that Virginia's highest court would adopt.

Regardless of which position represents the majority view, the Court must give due consideration to Elkins as a decision of a lower court in Virginia. See Compton, 480 F. Supp. at

---

S.W.2d 437, 441 (Ct. App. Tenn. 1982); Grain Dealers Mut. Ins. Co. v. McKee, 943 S.W.2d 455, 458 (Tex. 1997); Pollard v. Truck Ins. Exch., 26 P.3d 868, 870-71(Ct. App. Utah 2001).

[5] Lunge v. Nat'l Cas. Co., 977 F. Supp. 672, 676 (D. Vt. 1997); Hager v. Am. W. Ins. Co., 732 F. Supp. 1072, 1074 (D. Mont. 1989); Hawkeye-Security Ins. Co. v. Lambrecht & Sons, Inc., 852 P.2d 1317 (Colo. Ct. App. 1993); Hanson v. Ohio Cas. Ins. Co., 687 A.2d 1262, 1263 (Conn. 1996); Harford Accident & Indem. Co. v. Huddleston, 514 S.W.2d 676 (Ky Ct. App. 1974); Progressive Cas. Ins. Co. v. Hurley, 765 A.2d 195, 204 (N.J. 2001); King v. Nationwide Ins. Co., 519 N.E.2d 1380, 1384 (Ohio 1988); Carrington v. St. Paul Fir & Marine Ins. Co., 485 N.W.2d 267 (Wis. 1992).

1256 (citation omitted). Such weight is entitled to additional deference because the Supreme Court of Virginia refused to grant a petition for appeal in Elkins, noting that it found "no reversible error in the judgment." (Sup. Ct. Va. Order (Aug. 5, 2009), ECF No. 15-1.)[6] Because it is this Court's obligation to determine how the highest court of Virginia would rule, such a refusal to hear the appeal lends considerable weight to its persuasive value in this context. See, e.g., Kline, 464 F.2d at 187 (citation and internal quotation marks omitted).[7]

Grossberg argues that this Court should adopt the view of the Supreme Court of Connecticut in Ceci, that the addition of the "family member" language created an ambiguity. 622 A.2d at 549. As Grossberg articulated the issue at oral argument, the Policy was unambiguous *until* the uninsured motorist endorsement was added, which explicitly altered the Policy. By the same logic, the court in Ceci reasoned that "[t]he defendant could have omitted [the] section" at issue. Id. Here, the Court cannot reach this conclusion because, as a necessary precept, the Court must first find that an ambiguity exists, as did the court in Ceci. But in Elkins, a Virginia circuit court applying Virginia law to policy language indistinguishable from that now before the Court found that there was no ambiguity in the first place. 77 Va. Cir. at 347. Under

---

[6] Generally, orders denying an appeal without analysis are afforded no precedential value in Virginia. Bevel v. Commonwealth, Nos. 102246 & 102323, slip op. at 9 (Va. Nov. 4, 2011) (citing Sheets v. Castle, 559 S.E.2d 616, 618-19 (2002)). However, the Court does not consider the opinion in Elkins, 77 Va. Cir. 344, or the Supreme Court of Virginia's denial of the petition for appeal in that case, to constitute "precedent." Rather, the Court merely affords the lower court opinion and denial of the petition for appeal due weight, as required when determining "the perspective of the highest state court." Compton, 480 F. Supp. at 1256. Stated another way, because there is an *absence* of controlling authority, the Court considers what little authority exists in Virginia in an attempt to predict how the Supreme Court of Virginia would decide the issue.

[7] As her principal argument against this Court following Elkins, Grossberg emphasizes the opinion's status as a single, unpublished lower court opinion. Be that as it may, Elkins' analysis is highly persuasive, and the Court places great weight on the application of Virginia's rules of construction as applied therein. At oral argument, Grossberg made no attempt to distinguish the facts in Elkins from those in this case.

Virginia law, therefore, this Court is persuaded that the inquiry ends there. See Hodges, 385 S.E.2d at 614.

Grossberg attempts to distinguish cases in the majority, such as Bogdahn, 89 P.3d 1051, based on the insurers' use of additional clarifying language in those cases, which she argues is absent from the Policy here. For example, in Bogdahn, the policy did not simply define "you" as "'you' or any 'family member,'" which is the language contained in the Policy here; rather, the insurer in Bogdahn defined the insured as "you" and "*[i]f you are an individual*, any 'family member.'" Id. at 1055 (emphasis added). Grossberg argues that such qualifying language is necessary to prevent the ambiguity found in Ceci, and that the lack of such qualifying language in Travelers' Policy here renders the phrase ambiguous because it fails to contain such a qualifier. In making her argument, Grossberg seemingly ignores the Virginia rule that the court must "construe the contract as a whole." Hutter, 475 S.E.2d at 270. In the Policy's definition section of the endorsement, "you" is defined as "the person *or organization* shown as the named insured." (Policy at 28 (emphasis added).) Although it may have been less cumbersome to locate the distinction alongside the "family member" coverage, read as a whole, the language in the Policy establishes the same distinction here, as was emphasized in Bogdahn. And although the decisions from other jurisdictions may be distinguishable in a variety of ways, the Virginia decision in Elkins is not.

Similarly, Grossberg's reliance on Ceci is misplaced because Connecticut applies a markedly different rule of construction not recognized in Virginia. For example, the Connecticut courts consider contract construction to be a "necessarily fact oriented" analysis that is "not based solely upon general propositions." Ceci, 622 A.2d at 547. In construing the phrase "family member," the court in Ceci engaged in a "careful consideration of the situation [of the

parties] to that policy and the circumstances connected with the transaction." Id. (citations and internal quotation marks omitted). Such analysis is foreign to Virginia courts, which consider "[w]hether a writing is ambiguous [as] a question of law, not [of fact]." Va. Elec. & Power Co., 618 S.E.2d at 326 (citing Utsch v. Utsch, 581 S.E.2d 507, 509 (Va. 2003); Pyramid Dev., LLC v. D&J Assocs., 553 S.E.2d 725, 727 (Va. 2001)). Thus, courts in Virginia consider only the "four corners of the instrument itself," such that "[w]here an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." Id. (citations omitted). Based on such divergent rules of construction, Grossberg is incorrect on a critical point. Although the Supreme Court of Connecticut applied *some* of those commonly applied principals well-known among Virginia courts, it also applied some markedly different rules of construction.

The Court questioned Grossberg's counsel about Connecticut's fact-based rules of construction during oral argument. In response, counsel emphasized that such a rule was not germane to the holding in Ceci, and that the Court instead relied on those rules of construction that are identical to those applied in Virginia. This Court disagrees with that assessment. Citing Connecticut's rule that it must carefully consider "the circumstances connected with the transaction," the court in Ceci then discussed the underwriter's awareness of the family-oriented nature of the business. 622 A.2d at 547-48. The court then concluded that "the policy endorsement had not been prepared in a vacuum. It is undisputed that [the named insured] was a small family owned and family operated business. *It is with regard to these particular facts that we construe the policy*." Id. (emphasis added). Thus, it cannot be said that Connecticut applied the same rules of construction as Virginia when it decided Ceci.

That aspect of the Ceci decision is of particular relevance when considered together with certain concerns that the Supreme Court of Virginia addressed in Ins. Co. of N. Am. v. Perry, 134 S.E.2d 418 (Va. 1964).[8] Acknowledging the risk management considerations facing underwriters, the Supreme Court of Virginia refrained from "rewrite[ing] the policy" because to do so "would extend the benefits granted and broaden the risks imposed to a degree obviously never contemplated by the parties." Perry, 134 S.E.2d at 420. Such risks may be tempered where, as in Connecticut, the courts may engage in a fact-specific inquiry that allows the Court to go beyond the plain terms of the policy language to assess what risks were, or were not, contemplated. Ceci, 622 A.2d at 547. But in Virginia, the courts have little flexibility in applying what Ceci called the "general propositions" of law. Id.

The risk of following Ceci where Virginia's rules of construction apply are apparent when one considers the outcome under a different set of facts, remembering that the outcome in Virginia is unaffected by the facts beyond the contract terms. Permitting family members of shareholders to enjoy coverage in a family-owned business may not have such broad implications. But to allow such a result where the named insured has millions of shareholders would certainly "broaden the risks" beyond the parties' contemplation. Perry, 134 S.E.2d at 420. Where bound by the "four corners of the instrument," such factual variation could not inform the analysis, and for the price of one share of stock, a person might insure the whole "family." Va. Elec. & Power Co., 618 S.E.2d at 326. Such a development would certainly "rewrite the policy," Perry, 134 S.E.2d at 420, and in doing so it would lead to an absurd result. Gov't Emples. Ins.

---

[8] Travelers also appears to cite Perry generally in support of the same analysis that guided the decision in Elkins. However, at oral argument, Travelers clarified that it cites Perry for the narrow proposition that Virginia's uninsured motorist statute, Va. Code § 38.2-2206, does not mandate the extension of coverage beyond the named insured. Grossberg does not dispute this point, and so it is not necessary for the Court to discuss that aspect of the Perry decision.

11

Co. v. Moore, 580 S.E.2d 823, 829 (Va. 2003) (citations and internal quotation marks omitted) ("While any ambiguity must be resolved against the insurer, the construction adopted should be reasonable, and absurd results are to be avoided").

For these reasons, the Court concludes that the reasoning applied in Elkins best represents how the Supreme Court of Virginia would likely construe the policy language now before the Court. Accordingly, the Court applies the logic therein to the Policy between Grossberg and Travelers.

**C.      Construction of the Policy Language**

Applying the reasoning in Elkins, the Court concludes that there is no ambiguity, and the Policy language at issue does not provide coverage for Grossberg. She is not a "family member" of the named insured, Buzz and Ned's, so the Policy does not encompass her as a "covered" person. Simply because contract language is cumbersome does not necessarily render it ambiguous. See, e.g., Oliver v. Omega Protein, Inc., No. 3:10cv47, 2011 U.S. Dist. LEXIS 27621, at *23 (E.D. Va. Jan. 31, 2011). Likewise, the fact that the courts among different states have construed similar language with varying results does not, itself, render the policy language in question ambiguous. See Nationwide Mut. Ins. Co. v. Wenger, 278 S.E.2d 874, 877 (Va. 1981).

Moreover, injecting the phrase "family member" into the Policy by employing it only in the endorsement did not render the Policy ambiguous. On its face, the most reasonable construction of that language is that it applies only if the named insured is a "person," but not where the named insured is an "organization," as that distinction is set forth in the Policy. (Policy at 28.) By including the distinction, and reading the Policy "as a whole," as required in Virginia, Hutter, 475 S.E.2d at 270, it is patently obvious that "family members" are covered

only if "you" is a "person." If "you" -- the named insured -- is an organization, such as Buzz and Ned's, "you" has no "family members" according to the Policy. Thus, Grossberg is not within the purview of those covered by the uninsured/underinsured endorsement.

It is also of no consequence that the phrase "family member" is rendered inoperative in this instance. An inoperative word is not necessarily ambiguous. See Johnson v. Johnson & Briggs, Inc., 122 S.E. 100, 103 (Va. 1924). Indeed, wherever a dependent clause is employed, it is inoperative under circumstances in which the dependent condition does not exist. This is true even where, as Grossberg suggests, the phrase "if an individual" is inserted just before the phrase "family member." Here, by virtue of the definition of "you," the phrase "family member" is necessarily dependent upon "you" being a "person," as opposed to an "organization." (Policy at 28.)

Finding no ambiguity, and construing the Policy according to Virginia law, the Court concludes that Travelers owes no coverage to Grossberg under the plain terms of the Policy.

## IV. CONCLUSION

In conclusion, and for the reasons set forth herein, the Plaintiff's Motion for Summary Judgment (ECF No. 11) shall be DENIED and the Defendant's Motion for Summary Judgment (ECF No. 13) shall be GRANTED.

An appropriate Order shall issue.

                                                  /s/
                                               Dennis W. Dohnal
                                               United States Magistrate Judge

Richmond, Virginia
Dated: November 14, 2011